### FRANK RUTHERFORD v. THE STATE.

No. 333. Decided February 2, 1910.

Rehearing denied April 13, 1910.

**Gaming—Statement of Facts—Practice on Appeal.**

Where, upon appeal from a conviction of gaming, there was no statement of facts on file, and it appeared from the affidavits pro and con, as to why said statement was not filed in time, that they were in direct conflict with each other, the case could not be reversed on account of the failure of appellant to obtain a statement of facts.

Appeal from the County Court of Ellis. Tried below before the Hon. J. P. Spencer.

Appeal from a conviction of gaming; penalty, a fine of $10. The opinion states the case.

*E. P. Anderson* and *Farrar, McRae & Kemble,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted on the 18th day of July, 1908, on a charge of unlawfully betting at a certain gaming table and bank, and his punishment assessed at a fine of $10.

There is no statement of facts in the record. Counsel for appellant as well as the county judge of Ellis County, and the assistant county attorney have all filed affidavits in respect to the failure to file statement of facts in the cause. Appellant's motion for a new trial was overruled on the 8th day of August, 1908, and in the order overruling said motion the parties were allowed twenty days after adjournment in which to prepare and file bills of exception and statement of facts. The statements of the parties are in direct conflict, due, as we assume, to the fact that the events about which they make the statements occurred some time ago. We have examined into the matter very carefully, and are not prepared to hold that the evidence makes such showing as would require or justify us in reversing the case on account of the failure of appellant to obtain a statement of facts. There being no statement of facts, there is no question or issue in the record which we can review.

The judgment of conviction is therefore in all things affirmed.

*Affirmed.*

[Rehearing denied April 13, 1910.—Reporter.]